JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

1H-3V-6433

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

14  6433

## I. (a) PLAINTIFFS

Lutz, William, individually and on behalf of all others similarily situated,

**DEFENDANTS**

Community Health Systems, Inc. and Community Health Systems Professional Services Corporation

**(b)** County of Residence of First Listed Plaintiff  Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:     IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Brian D. Penny, Mark S. Goldman, Laura K. Mummert, Douglas J. Bench
Goldman Scarlato & Penny, P.C.
101 E. Lancaster Avenue, Suite 204
Wayne, PA 19087
484-342-0700

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
Plaintiff

☐ 3  Federal Question
*(U.S. Government Not a Party)*

☐ 2  U.S. Government
Defendant

☒ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | Liability | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☒ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
Another District
*(specify)*

☐ 6 Multidistrict
Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332(d)(2)

Brief description of cause:
Identity Theft and Data Breach

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____

DOCKET NUMBER _____

DATE
11/07/2014

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

NOV 7 2014

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: __4406 Briar Hill East, Lafayette Hill, PA 19444__

Address of Defendant: __4000 Meridian Blvd., Franklin, TN 37067__

Place of Accident, Incident or Transaction: __4406 Briar Hill East, Lafayette Hill, PA 19444__
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐ No☐

Does this case involve multidistrict litigation possibilities?    Yes☐ No☐
*RELATED CASE, IF ANY:*
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
    Yes☐ No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
    Yes☐ No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
    Yes☐ No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
    Yes☐ No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☒ All other Diversity Cases
    (Please specify) __Idenity theft/ data breach__

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

I, __Brian D. Penny__, counsel of record do hereby certify:
☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: __11/6/14__    _____    __86805__
                           Attorney-at-Law              Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __11/6/14__    _____    __86805__
                           Attorney-at-Law              Attorney I.D.#

NOV 7 2014

CIV. 609 (5/2012)



**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

|  |  |  |
|---|---|---|
| William Lutz, et al. | : | CIVIL ACTION |
| v. | : | 14   6433 |
| Community Health Systems, | : |  |
| Inc., et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   (X)

(f) Standard Management – Cases that do not fall into any one of the other tracks.   ( )

| | | |
|---|---|---|
| 11/7/14 | Brian D. Penny | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 484-342-0700 | 484-580-8747 | penny@gskplaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

NOV  7 2014

**RBS**

$400

# IN THE UNITED STATED DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM LUTZ, individually and on behalf of all others similarly situated, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| COMMUNITY HEALTH SYSTEMS, INC., a Delaware corporation, and COMMUNITY HEALTH SYSTEMS PROFESSIONAL SERVICES CORPORATION, a Delaware Corporation, | : |
| | : |
| Defendants. | : |

**14    6433**

Case No.

COMPLAINT – CLASS ACTION

JURY TRIAL DEMANDED

## FILED
### NOV 0 7 2014

MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

Plaintiff William Lutz, on behalf of himself and all other similarly situated, by and through his attorneys, brings this action against Defendants Community Health Systems, Inc.; and Community Health Systems Professional Services Corporation; and hereby alleges as follows:

### PARTIES

1.      Plaintiff William Lutz resides in, and is a citizen of, the Commonwealth of Pennsylvania.

2.      Defendant Community Health Systems, Inc. (hereinafter "CHS") is a Delaware corporation with its principal place of business in Tennessee. Defendant, upon information and belief, does business in Pennsylvania, as well as 28 other states. CHS is the parent company that owns and operates, through subsidiaries, over 200 general acute care hospitals in 29 states with approximately 31,000 licensed beds.



3.      Defendant Community Health Systems Professional Services Corporation (hereinafter "CHSPSC") is a Delaware corporation with its principal place of business in Tennessee. Upon information and belief, CHSPSC does business in Pennsylvania as well as 28 other states.

## JURISDICTION & VENUE

4.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2), because the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and it is a class action brought by citizens of a State that is different from the State where at least one of the Defendants is incorporated or does business.

5.      Venue is proper in this judicial district under 28 U.S.C. §1391 because the Defendants do business throughout this district and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district. At all times material hereto, Defendants were and are in the business of providing services through general acute care hospitals in Pennsylvania, this judicial district, and in 28 other states, by and through various hospitals operated through subsidiary companies.

## SUMMARY OF THE CASE

6.      This is a consumer class action lawsuit brought by Plaintiff, individually and on behalf of all other similarly situated persons (i.e., the class members), whose personal information (e.g., patient names, addresses, birthdates, telephone numbers, and social security numbers and, possibly including, patient credit card, medical or clinical information) (hereinafter "Sensitive Information") considered protected under the Health Insurance Portability and Accountability Act ("HIPAA") entrusted to Defendants was stolen by, and/or made accessible to, hackers and identity thieves.

2

7.     As a result of Defendants' failure to implement and follow basic security procedures, Plaintiff's Sensitive Information is now in the hands of third parties who are using it to Plaintiff's detriment. As a result, Plaintiff has experienced identity theft, and has had to deal with, at least, the following ramifications:

a.     Third parties have hacked into Plaintiff's email, changed his passwords repeatedly, and used Plaintiff's email account to identify his financial assets and credit accounts and have further used it to communicate with financial institutions and others to set up new accounts in Plaintiff's name;

b.     Having read Plaintiff's email correspondence, these parties have made illegal charges in Plaintiff's name in excess of $40,000; and

c.     These parties have attempted to open at least two different foreign exchange accounts in Plaintiff's name.

8.     To address these activities, Plaintiff has already spent a significant amount of time calling and corresponding with his email provider, credit card issuers, banks, financial institutions involved in foreign currency exchange, local police, the office of Social Security, Pay Pal, the Internal Revenue Service, credit reporting agencies, and Chex Systems.  Plaintiff has also been in touch with elected officials, trying to regain control of his identity.   In some instances, Plaintiff has expended his own funds to address this quagmire.

9.     Plaintiff faces an ongoing, substantial increased risk of additional ramifications from his identity theft, like all members of the proposed class. Consequently, Defendants' patients and former patients, like Plaintiff, will have to spend significant time and money to protect themselves for years to come.

10.     Additionally, as a result of Defendants' failure to follow contractually-agreed upon, federally-prescribed, industry standard security procedures, Plaintiff received only a diminished value of the services he paid Defendants to provide. Plaintiff contracted for services that included a guarantee by Defendants to safeguard his personal information and, instead, Plaintiff received services devoid of these very important protections. Accordingly, Plaintiff alleges claims for breach of contract, breach of implied contract, breach of implied covenant of good faith and fair dealing, unjust enrichment, money had and received, negligence, negligence per se, wantonness, invasion of privacy, and violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 (hereinafter "FCRA").

### FACT COMMON TO ALL COUNTS

11.     Plaintiff and proposed class members are patients and customers of Defendants' hospitals.

12.     In the regular course of business, Defendants collect and maintain possession, custody, and control of a wide variety of Plaintiff's Sensitive Information, including, but not limited to patient credit card, medical or clinical information and history, patient names, addresses, birthdates, telephone numbers and social security numbers.

13.     Plaintiff and Defendants agreed that, as part of the services provided to Plaintiffs, Defendants would protect Plaintiff's Sensitive Information.

14.     This agreement to protect Plaintiff's Sensitive Information was a value added to the services provided by Defendants that was considered a benefit of the bargain for which Plaintiff paid adequate consideration.

15.     Upon information and belief, a portion of the consideration paid by Plaintiff was accepted and rendered proceeds by Defendants that was allocated to protecting and securing

4

Sensitive Information and ensuring HIPAA compliance. This allocation was made for the purpose of offering patients and customers, such as Plaintiff, to add value to the services provided by agreeing to protect Sensitive Information.

16.     Defendants stored Plaintiff's Sensitive Information in an unprotected, unguarded, unsecured, and/or otherwise unreasonably protected electronic and/or physical location.

17.     Defendants did not adequately encrypt, if at all, Plaintiff's Sensitive Information.

18.     Defendants did not provide adequate security measures to protect Plaintiff's Sensitive information.

19.     In or around April 2014 and June 2014, an "Advanced Persistent Threat" group originating from China accessed, copied, and transferred Plaintiff's Sensitive Information from Defendants.

20.     Upon information and belief, this "Advanced Persistent Threat" group has typically sought valuable intellectual property, such as medical device and equipment development data.

21.     CHS claims to have "confirmed that this data did not include patient credit card, medical or clinical information" but the data accessed, copied, and transferred did include Plaintiff's information that is "considered protected under the Health Insurance Portability and Accountability Act ("HIPAA") because it includes patient names, addresses, birthdates, telephone numbers and social security numbers."

22.     On or about August 18, 2014, CHS filed a Form 8-K with the United States Securities and Exchange Commission that provided the first notification of the data breach. This filing stated that the data breach "affected approximately 4.5 million individuals." This filing also states that those who are affected were provided services by CHS within the last five years.

23.     Defendants designed and implemented their policies and procedures regarding the security of protected health information and Sensitive Information. These policies and procedures failed to adhere to reasonable and best industry practices in safeguarding protected health information and other Sensitive Information. Upon information and belief, Defendants failed to encrypt, or adequately encrypt, Plaintiffs' Sensitive Information.

24.     By failing to fulfill their promise to protect Plaintiff's Sensitive Information, Defendants have deprived Plaintiff of the benefit of the bargain. As a result, Defendants cannot equitably retain payment from Plaintiff—part of which was intended to pay for the administrative costs of data security—because Defendants did not properly secure Plaintiff's information and data.

## CLASS ACTION ALLEGATIONS

25.     Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of themselves and a Class and subclasses defined as follows:

26.     **The Class**: Plaintiff bring this action on behalf of himself and a Class of similarly situated individuals, defined as follows:

> All individuals in the United States who are current or former customers/patients of CHS and whose Sensitive Information was wrongfully accessed, copied, and transferred in the months on or about April 2014 and June 2014.

27.     **The Pennsylvania Subclass**: Plaintiff brings this action on behalf of himself and a subclass of similarly situated individuals, defined as follows:

> All individuals who reside in Pennsylvania who are current or former customers/patients of CHS and whose Sensitive Information was wrongfully accessed, copied, and transferred in the months on or about April 2014 and June 2014.

6

Excluded from the Class and Subclass are (1) any judge presiding over this action and members of their families; (ii) Defendants, Defendants' subsidiaries, parents successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers, and directors; (iii) persons who properly execute and file a timely request for exclusion from the Classes; and (iv) the legal representatives, successors, or assigns of any such excluded persons, as well as any individual who contributed to the unauthorized access of the data stored by Defendants.

28.    **Numerosity.** Members of the Class and Subclass are so numerous that their individual joinder herein is impracticable. Although the exact number of Class members and their addresses are unknown to Plaintiff, they are readily ascertainable from Defendants' records. Upon information and belief, there are at least 4.5 million class members. Class members may be notified of the pendency of this action by mail and/or electronic mail, and supplemented (if deemed necessary or appropriate by the Court) by published notice.

29.    **Typicality.** Plaintiff's claims are typical of the Classes because Plaintiff and the Classes sustained damages as a result of Defendants' uniform wrongful conduct during transactions with plaintiff and the Classes.

30.    **Adequacy.** Plaintiff is an adequate representative of the Class and Subclass because his interests do not conflict with the interests of the members of the Class they seek to represent. Plaintiff has retained counsel competent and experienced in class action litigation, and Plaintiff intends to prosecute this action vigorously. The interest of members of the Class and Subclass will be treated fairly and adequately protected by Plaintiff and his counsel.

31.    **Predominance and Superiority:** This class action is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient

7

adjudication of this controversy and joinder of all members of the Class and Subclass is impracticable. The damages suffered by the individual members of the Class and Subclass will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' wrongful conduct. Thus, it would be virtually impossible for the individual members of the Class and Subclass to obtain effective relief from Defendants' misconduct. Even if members of the Class and Subclass could sustain such individual litigation, it would not be preferable to a class action because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

32.    **Commonality:** Common questions of law and fact exist as to all members of the Classes and predominate over any questions affecting only individual members, and include, but are not limited to:

a.    Whether Defendants were negligent in collecting, storing, and protecting Plaintiff's and the Class members' Sensitive Information;

b.    Whether Defendants were wanton in collecting, storing, and protecting Plaintiff's and the Class members' Sensitive Information;

c.    Whether Defendants took reasonable steps and measures to safeguard Plaintiff's and Class members' Sensitive Information;

8

      d.      Whether Defendants breached their duty to exercise reasonable care in handling Plaintiff's and Class members' Sensitive Information by storing that information in the manner alleged herein;

      e.      Whether Defendants notified Plaintiff and the Classes of the data breach within a reasonable amount of time;

      f.      Whether implied or express contracts existed between Defendants, on the one hand, and Plaintiffs and the Class members on the other;

      a.      Whether Plaintiff and members of the Class and Subclass are at an increased risk of additional or initial identity theft or other malfeasance as a result of Defendants' failure to protect their Sensitive Information;

      b.      Whether Defendants stored Sensitive Information in reasonable manner under industry standards;

      c.      Whether protecting Plaintiff's Sensitive Information was a service provided by Defendants;

      d.      Whether Defendants have unlawfully retained payment from Plaintiff because of Defendants' failure to fulfill its agreement to protect Plaintiff's Sensitive Information;

      e.      Whether and to what extent Plaintiff and the Class and Subclass have sustained damages.

      f.      Whether Defendants were unjustly enriched;

      g.      Whether Defendants violated the FCRA.

      33.      Plaintiff reserves the right to revise Class definitions and questions based upon facts learned in discovery.

9

## COUNT I
### UNJUST ENRICHMENT

34.     Plaintiff adopts and re-alleges all paragraphs set forth hereinabove as is fully set out herein.

35.     Defendants received payment from Plaintiff to perform services that included protecting Plaintiff's Sensitive Information.

36.     Defendants did not protect Plaintiff's Sensitive information, but retained Plaintiff's payments.

37.     Defendants have knowledge of said benefit.

38.     Defendants have been unjustly enriched and it would be inequitable for Defendants' to retain Plaintiff's payments.

39.     As a result, Plaintiffs have been proximately harmed and/or injured.

WHEREFORE, Plaintiff demands judgment against Defendants jointly and severally, for compensatory and/or punitive damages, the sum to be determined by a jury, which will fairly and adequately compensate Plaintiff for the above described damages and injuries, together with interest from the date of the incident and the costs of the proceeding, including attorney's fees.

## COUNT II
### BREACH OF CONTRACT (express and implied)

40.     Plaintiff adopts and re-alleges all paragraphs set forth hereinabove as is fully set out herein.

41.     Plaintiff paid money to Defendants in exchange for hospitals services, which included promises to protect Plaintiff's health information and Sensitive Information.

10

54.     In its written services contract, Defendants promised Plaintiff that Defendants only disclose health information when required to do so by federal or state law. Defendant further promised that it would protect Plaintiff's Sensitive Information.

55.     Defendants promised to comply with all HIPAA standards and to make sure that Plaintiffs' health information and Sensitive Information was protected.

56.     Defendants' promises to comply with all HIPAA standard to all HIPAA standards and to make sure that Plaintiff's health information and Sensitive Information was protected created an implied contract.

57.     To the extent that it was not expressed, an implied contract was created whereby Defendants promised to safeguard Plaintiff's health information and Sensitive Information from being accessed, copied, and transferred by third parties.

58.     Under the implied contract, Defendants were further obligated to provide Plaintiff with prompt and sufficient notice of any and all unauthorized access and/or theft of his Sensitive Information.

59.     Defendants did not safeguard Plaintiff's health information and Sensitive Information and, therefore, breached its contract with Plaintiff.

60.     Defendants allowed third parties to access, copy, and transfer Plaintiff's health information and Sensitive Information and, therefore, breached its contract with Plaintiff.

61.     Furthermore, Defendants' failure to satisfy their confidentiality and privacy obligations resulted in Defendants' providing services to Plaintiff that were of a diminished value.

62.     As a result, Plaintiff has been harmed and/or injured.

11

WHEREFORE, Plaintiff demands judgment against Defendants jointly and severally, for compensatory and/or punitive damages, the sum to be determined by a jury, which will fairly and adequately compensate Plaintiff for the above described damages and injuries, together with interest from the date of the incident and the costs of the proceeding, including attorney's fees.

## COUNT III
### NEGLIGENCE

63.     Plaintiff adopts and re-alleges all paragraphs set forth hereinabove as is fully set out herein.

64.     Defendants requested and came into possession of Plaintiff's Sensitive Information and had a duty to exercise reasonable care in safeguarding and protecting such information from being accessed. Defendants' duty arose from the industry standards discussed above and its relationship with Plaintiff.

65.     Defendants had a duty to have procedures in place to detect and prevent the improper access and misuse of Plaintiff's Sensitive Information. The breach of security, unauthorized access, and resulting injury to Plaintiff's and the Class and Subclass were reasonably foreseeable, particularly in light of Defendants' inadequate data security system and failure to adequately encrypt the data.

66.     Defendants, through their actions and/or omissions, unlawfully breached their duty to Plaintiff by failing to implement industry protocols and exercise reasonable care in protecting and safeguarding Plaintiff's Sensitive Information within Defendants' control.

67.     Defendants, through their actions and/or omissions, breached their duty to Plaintiff by failing to have procedures in place to detect and prevent access to Plaintiff's Sensitive Information by unauthorized persons.

12

68.     But for Defendants' breach of its duties, Plaintiff's Sensitive Information would not have been compromised.

69.     Plaintiff's Sensitive Information was stolen and accessed as the proximate result of Defendants failing to exercise reasonable care in safeguarding such information by adopting, implementing, and maintaining appropriate security measures and encryption.

70.     As a result, Plaintiff has been harmed and/or injured.

WHEREFORE, Plaintiff demands judgment against Defendants jointly and severally, for compensatory and/or punitive damages, the sum to be determined by a jury, which will fairly and adequately compensate Plaintiff for the above described damages and injuries, together with interest from the date of the incident and the costs of the proceeding, including attorney's fees.

**COUNT IV**
**NEGLIGENCE PER SE**

71.     Plaintiff adopts and re-alleges all paragraphs set forth hereinabove as is fully set out herein.

72.     Defendants' violation of HIPAA resulted in an injury to Plaintiff.

73.     Plaintiff falls within the class of persons HIPAA was intended to protect.

74.     The harms Defendant caused to Plaintiff are injuries that result from the type of behavior that HIPAA was intended to protect.

75.     As a result, Plaintiff has been harmed and/or injured.

WHEREFORE, Plaintiff demands judgment against Defendants jointly and severally, for compensatory and/or punitive damages, the sum to be determined by a jury, which will fairly and adequately compensate Plaintiff for the above described damages and injuries, together with interest from the date of the incident and the costs of the proceeding, including attorney's fees.

13

## COUNT V
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT

76.     Plaintiff adopts and re-alleges all paragraphs set forth hereinabove as is fully set out herein.

77.     The Fair Credit Reporting Act ("FCRA") requires consumer reporting agencies to adopt and maintain procedures for meeting the needs of commerce for consumer credit, personnel, insurance and other information in a manner fair and equitable to consumers while maintaining the confidentiality, accuracy, relevancy and proper utilization of such information. 15 U.S.C. § 1681(b).

78.     FCRA specifically protects medical information, restricting its dissemination to limited instances. See, e.g., 15 U.S.C. §§ 1681a(d)(3); 1681b(g); 1681c(a)(6).

79.     Defendants are a Consumer Reporting Agency as defined under FCRA because on a cooperative nonprofit basis and/or for monetary fees, Defendants regularly engage, in whole or in part, in the practice of assembling information on consumers for the purpose of furnishing Consumer Reports to third parties and/or uses interstate commerce for the purpose of preparing and/or furnishing Consumer Reports.

80.     As a Consumer Reporting Agency, Defendants were (and continue to be) required to adopt and maintain procedures designed to protect and limit the dissemination of consumer credit, personnel, insurance and other information (such as Plaintiffs' and Class Members' Sensitive Information) in a manner fair and equitable to consumers while maintaining the confidentiality, accuracy, relevancy and proper utilization of such information. Defendants, however, violated FCRA by failing to adopt and maintain such protective procedures which, in turn, directly and/or proximately resulted in the theft of Plaintiff's Sensitive Information and its wrongful dissemination into the public domain.

14

81.    Plaintiff's Sensitive Information, in whole or in part, constitutes medical information as defined by FCRA. Defendants violated FCRA by failing to specifically protect and limit the dissemination of Plaintiff's Sensitive Information into the public domain.

82.    As a direct and/or proximate result of Defendants' willful and/or reckless violations of FCRA, as described above, Plaintiff's Sensitive Information was stolen and/or made accessible to unauthorized third parties in the public domain.

83.    As a direct and/or proximate result of Defendants' willful and/or reckless violations of FCRA, as described above, Plaintiff was (and continues to be) damaged in the form of, without limitation, expenses for credit monitoring and identity theft insurance, out-of-pocket expenses, anxiety, emotional distress, loss of privacy and other economic and non-economic harm.

84.    Plaintiff and Class Members, therefore, are entitled to compensation for their actual damages including, inter alia, (i) out-of-pocket expenses incurred to mitigate the increased experience and further risk of identity theft and/or identity fraud pressed upon them by the Data Breach; (ii) the value of his time spent mitigating identity theft and/or identity fraud and/or the increased risk of identity theft and/or identity fraud; (iii) deprivation of the value of his Sensitive Information, for which there is a well-established national and international market; (iv) anxiety and emotional distress; and (v) statutory damages of not less than $100, and not more than $1000, each, as well as attorneys' fees, litigation expenses and costs, pursuant to 15 U.S.C. § 1681n(a).

WHEREFORE, Plaintiff demands judgment against Defendants jointly and severally, for compensatory and/or punitive damages, the sum to be determined by a jury, which will fairly and

15

adequately compensate Plaintiff for the above described damages and injuries, together with interest from the date of the incident and the costs of the proceeding, including attorney's fees.

## COUNT VI

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT

85.     Plaintiffs adopt and re-allege all paragraphs set forth hereinabove as is fully set out herein.

86.     In the alternative, and as described above, Defendants negligently violated FCRA by failing to adopt and maintain procedures designed to protect and limit the dissemination of Plaintiff's Sensitive Information for the permissible purposes outlined by FCRA which, in turn, directly and/or proximately resulted in the theft and dissemination of Plaintiff's Sensitive Information into the public domain.

87.     It was reasonably foreseeable that Defendants' failure to implement and maintain procedures to protect and secure Plaintiff's Sensitive Information would result in an unauthorized third party gaining access to Plaintiff's Sensitive Information for no permissible purpose under FCRA.

88.     As a direct and/or proximate result of Defendants' negligent violations of FCRA, as described above, Plaintiff's Sensitive Information was stolen and/or made accessible to unauthorized third parties in the public domain.

89.     As a direct and/or proximate result of Defendants' negligent violations of FCRA, as described above, Plaintiff was (and continues to be) damaged in the form of, without limitation, expenses for credit monitoring and identity theft insurance, out-of-pocket expenses, anxiety, emotional distress, loss of privacy and other economic and non-economic harm.

90.     Plaintiff and Class Members, therefore, are entitled to compensation for their actual damages including, inter alia, (i) out-of-pocket expenses incurred to mitigate the increased

risk of identity theft and/or identity fraud pressed upon them by the Data Breach; (ii) the value of

their time spent mitigating identity theft and/or identity fraud and/or the increased risk of identity

theft and/or identity fraud; (iii) deprivation of the value of their Sensitive Information, for which

there is a well-established national and international market; (iv) anxiety and emotional distress;

and (v) statutory damages of not less than $100, and not more than $1000, each, as well as

attorneys' fees, litigation expenses and costs, pursuant to 15 U.S.C. § 1681n(a).

WHEREFORE, Plaintiff demands judgment against Defendants jointly and severally, for

compensatory and/or punitive damages, the sum to be determined by a jury, which will fairly and

adequately compensate Plaintiff for the above described damages and injuries, together with

interest from the date of the incident and the costs of the proceeding, including attorney's fees.

**COUNT VII**

**VIOLATIONS OF THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND
CONSUMER PROTECTION LAW
73 P.S. §§201-1, et seq.
(On Behalf of Plaintiff and the Pennsylvania Subclass)**

91.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

92.     The Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S.

§§201-1, *et seq.*, (UTPCPL) protects consumers from, among other things, unconscionable

commercial practices, deception, fraud, false promises, false pretenses, and misrepresentations.

93.     Community Health is a "person" as defined in Section 201-2(2) of the UTPCPL.

94.     Community Health is/was engaged in "trade" and "commerce" as defined by

Section 201-2(3) of the UTPCPL.

95.     As described herein, Community Health has engaged in unlawful and/or

deceptive conduct.

17

96.     Through its Notice of Privacy Practices, patient agreements, and security representations made on its websites, Community Health represented to Plaintiff and the Pennsylvania Subclass that it would, *inter alia,* protect their Sensitive Information, maintain the privacy of their Sensitive Information, follow the terms of the Notice of Privacy Practices in protecting their Sensitive Information, and comply with HIPAA and other federal and state law requirements.

97.     Community Health's privacy and security promises were, in fact, false. Community Health did not maintain an adequate electronic security system to prevent data breaches, employ industry standard and commercially reasonable measures to protect its patients' Sensitive Information and mitigate the risks of any data breach or otherwise comply with the data security requirements of HIPAA regulations, as promulgated under 45 CFR 164. Thus, Community Health's representations to Plaintiff and members of the Pennsylvania Subclass were false when made.

98.     Knowing that consumers were less likely to do business with companies that fail to adequately protect their Sensitive Information, Community Health made the false privacy and security representations with the intention that Plaintiff and the Pennsylvania Subclass members would rely on them in contracting with Community Health for medical services.

99.     Because ordinary consumers lacked access to Community Health's proprietary information regarding its true privacy and security measures prior to the April and June 2014 breach, Community Health's false security and privacy representations were likely to deceive consumers who had no other resource for assessing Community Health's privacy and security practices.

18

100. Had Community Health disclosed its true security practices – which did not comply with state and federal law – Plaintiff and the Pennsylvania Subclass would have paid substantially less for Community Health's health care services or would not have paid at all (*i.e.* the value of health care services *without* adequate protection of Sensitive Information is worth substantially less than the value of such services *with* adequate protection).

101. Community Health's deceptive and misleading actions were perpetuated while providing health care-related services to its patients, and therefore occurred during the course of its business practices.

102. Accordingly, and pursuant to 73 P.S. § 201-9.2(a), Plaintiff, on behalf of himself and the Pennsylvania Subclass, seeks (i) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Pennsylvania Subclass; (ii) actual damages or statutory damages of one hundred dollars ($100), whichever is greater; and (iii) reasonable costs and attorneys' fees.

## COUNT IX

### BAILMENT

103. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

104. Plaintiff and members of the Class and Subclass delivered their Sensitive Information to Defendants for the exclusive purpose of contracting for and receiving health care services from or through Defendants.

105. In delivering this Sensitive Information to Defendants, Plaintiff and members of the Class and Subclass intended and understood that Defendants would adequately safeguard their Sensitive Information as required by, *inter alia*, their contracts and HIPAA.

19

106.    Defendants accepted possession of this Sensitive Information for the purpose of accepting payment and providing health care services to Plaintiff and members of the Class and Subclass.

107.    By accepting possession of Plaintiffs' and Class and Subclass members' Sensitive Information, Target understood that Plaintiffs and members of the Class and Subclass expected Defendants to adequately safeguard their Sensitive Information. Accordingly, a bailment (or deposit) was established for the mutual benefit of the parties.

108.    During the bailment (or deposit), Defendants owed a duty to Plaintiff and members of the Class and Subclass to exercise reasonable care, diligence and prudence in protecting their Sensitive Information.

109.    Defendants breached their duties of care by failing to take appropriate measures to safeguard and protect the Sensitive Information of Plaintiff and members of the Class and Subclass, resulting in the unlawful and unauthorized access to and misuse of that information.

110.    As a direct and proximate result of Defendants' breach of their duties, Plaintiff and members of the Class and Subclass suffered consequential damages that were reasonably foreseeable to Defendants, including but not limited to the damages set forth above.

111.    As a direct and proximate result of Defendants' breach of their duties, the Sensitive Information of Plaintiff and members of the Class and Subclass entrusted to Defendants during the bailment (or deposit) was damaged and its value diminished.

WHEREFORE, Plaintiff demands judgment against Defendants jointly and severally, for compensatory and/or punitive damages, the sum to be determined by a jury, which will fairly and adequately compensate Plaintiff for the above described damages and injuries, together with interest from the date of the incident and the costs of the proceeding, including attorney's fees.

20

## RELIEF REQUESTED

112.    Certify this case as a class action on behalf of the Class and Subclass as defined above, and appoint named Plaintiff as class representative and undersigned counsel as lead counsel;

113.    Find that Defendants are liable under all legal claims asserted herein for their failure to safeguard Plaintiff's and Class members' Sensitive Information;

114.    Award injunctive and other equitable relief as is necessary to protect the interests of the Classes, including: (i) an order prohibiting Defendants from engaging in the wrongful and unlawful acts described herein, and (ii) requiring Defendants to protect all data collected through the course of its business in accordance with HIPAA and industry standards, (iii) consumer credit protection and monitoring services for Plaintiff; and (iv) consumer credit insurance to provide coverage for unauthorized use of Plaintiff's personal information, medical information, and financial information;

115.    Award damages, including statutory damages where applicable and punitive damages, to Plaintiff and the Classes in an amount to be determined at trial;

116.    Award restitution for any identity theft, including, but not limited to payment of any other costs, including attorneys' fees incurred by the victim in clearing the victim's credit history or credit rating, or any costs incurred in connection with any civil or administrative proceeding to satisfy any debt, lien, or other obligation of the victim arising as the result of Defendants' actions;

117.    Award restitution in an amount to be determined by an accounting of the difference between the price Plaintiff and the Class and Subclass paid in reliance upon

21

Defendants' duty/promise to secure its members' Sensitive Information, and the actual services—devoid of proper protection mechanisms—rendered by Defendants;

118.    Declare that Community Health's actions, as described above, constitute (i) violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §§ 201-1 *et seq.*,

119.    Award Plaintiff and the Class and Subclass their reasonable litigation expenses and attorneys' fees;

120.    Award Plaintiffs and the Class and Subclass pre and post-judgment interest to the maximum extent allowable by law; and

121.    Award such other and further legal or equitable relief as equity and justice may require.

## JURY DEMAND

Plaintiffs demand a jury trial on all issues that can be so tried.

Dated: November 7, 2014                    Respectfully submitted,

GOLDMAN SCARLATO & PENNY, P.C.

By:    _____

Brian D. Penny (PA 86805)
Mark S. Goldman (PA 48049)
Laura D. Mummert (PA 85964)
Douglas Bench (PA 207793)
101 E. Lancaster Avenue
Suite 204
Wayne, PA  19087
Tel:  484-342-0700

*Attorneys for William Lutz, Individually
and on Behalf of All Others Similarly
Situated*

22